**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTERVARSITY CHRISTIAN FELLOWSHIP/ USA, et al.,<br>*Plaintiffs*,<br>v.<br>SUNY BROOME COMMUNITY COLLEGE, et al.,<br>*Defendants*. | Case No. 3:26-cv-1623-MAD-MJK<br><br>**DECLARATION OF CALEB H. ANGELL** |

I, Caleb H. Angell, state and declare:

1. I am a lawyer at the Becket Fund for Religious Liberty and a graduate of Syracuse University College of Law. I am barred in New York and am admitted to practice in the U.S. District Court for the Northern District of New York. I represent Plaintiffs InterVarsity Christian Fellowship/USA and InterVarsity Christian Fellowship of SUNY Broome (InterVarsity Broome).

2. Plaintiffs have moved for a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a) and Local Rule 65.1, as it would be insufficient to proceed by notice of motion. As explained in the Declarations of Greg Jao, Sophia Chan, and Jacob Sonner, Defendants' exclusion of InterVarsity caused irreparable harm to Plaintiffs' First Amendment rights during the Spring 2026 semester. The 2026-27 academic year began on August 24, and Plaintiffs' student group meetings are underway. Defendants' policies and actions continue to deny official recognition, with all its substantial benefits, to Plaintiffs. Defendants are thus irreparably harming Plaintiffs, and Plaintiffs will continue to suffer irreparable harm on an ongoing basis until Defendants' actions and policy are enjoined.

3. Plaintiffs are seeking relief by an Order to Show Cause because the standard motion procedure cannot provide the expedited relief that is urgently needed. Under this Court's standard

briefing schedule, briefing would not be complete until at least September 25, 2026. The standard schedule thus leaves insufficient time for briefing and adjudication before Plaintiffs' constitutional rights are further irreparably harmed. Plaintiffs therefore require expedited consideration to reduce ongoing irreparable harm.

4. Pursuant to Local Rule 7.1(e), I have provided notice of Plaintiffs' request for an Order to Show Cause to the named defendant entities and the official-capacity defendants through the Broome County Law Department. We did so for several reasons. First, the Broome County Law Department provides "legal representation" for "all County departments, boards, and agencies," and the County's website lists SUNY Broome Community College as a County department. *See* List of Departments, Broome County, https://perma.cc/AKC7-GYFB. Second, under New York law, "the local sponsor of a community college" (here, Broome County) "shall provide for the defense" of all employees "of a community college." N.Y. Educ. § 6308(1)-(2); *see also* Broome, N.Y., Charter & Code § C2301-A (establishing Broome County officials as the local sponsor). Third, under the Bylaws for the SUNY Broome Community College Board of Trustees, the Broome County Attorney is required to defend the Trustees in a suit of this nature. *See Bylaws*, SUNY Broome Cmty. Coll. Bd. of Trs. (Sep. 15, 2022), https://perma.cc/EYS2-MV2L. Fourth, an attorney in the Broome County Law Department, Joshua Terrell, is also listed in the SUNY Broome Board's minutes as regularly attending its meetings. *See, e.g.*, *Meeting Minutes*, SUNY Broome Cmty. Coll. Bd. of Trs. (June 18, 2026), https://perma.cc/GH8Q-BQ6Z. Fifth, the Board is not authorized to contract for general attorneys' services without approval of Broome County, and is subject to the provisions of Broome County's Charter and Administrative Code. *See* Broome, N.Y., Charter & Code § C2302-A(5), § C2601. And finally, the Broome County Attorney has represented Defendant Broome County Community College and Defendant Carol Ross-Scott

in recent previous litigation against them before this Court. *See* Notice of Retainer, Horton v. Broome Cmty. Coll., No. 3:21-cv-01156-BKS-ML, (N.D.N.Y. Oct. 29, 2021), Dkt. No. 8.

5. Because Broome County generally represents SUNY Broome, the Board of Trustees, and employees of SUNY Broome in lawsuits of this nature, I emailed a copy of the complaint in this action to the Broome County Law Department and Cheryl Sullivan of the Broome County Law Department on August 24, 2026. I used the Law Department's main email address, BCLAW@BroomeCountyNY.gov, and Ms. Sullivan's email address, cheryl.sullivan@broomecountyny.gov. On August 25, 2026, my firm also served physical copies of the complaint on the Broome County Law Department. On August 26, 2026, I emailed Ms. Sullivan and informed her that Plaintiffs would be filing an emergency motion for preliminary injunctive relief. My colleague, Daniel Blomberg, left a voice mail message with Ms. Sullivan on August 27 doing the same. Later that day, Ms. Sullivan responded, letting us know that she had spoken with President Hawkins regarding the lawsuit. We sent a reply to her the same day, copying her colleague Mr. Terrell, at Joshua.Terrell@broomecountyny.gov, and asking that she identify any supplemental or alternative counsel that we could also contact with the filings.

6. Shortly after Plaintiffs file the application for an order to show cause and emergency motion for preliminary injunction, we will email Ms. Sullivan and Mr. Terrell with a copy of the filings. We will also send physical copies of all the filings to each named entity and official-capacity defendant via overnight first-class U.S. mail.

7. In addition to providing notice of Plaintiffs' impending emergency motion, and while these communications with the Broome County Law Department were taking place, my firm has expended significant effort in promptly effectuating service on all defendants. We have had process servers deliver process to the Broome County Law Department, to the SUNY Broome

Community College main offices, and—as necessary—to home addresses. As appropriate, we have also sent copies of the service of process via first class U.S. mail.

8. **Exhibit A** to this declaration is a true and correct copy of the 2026-27 SUNY Broome Club Handbook, downloaded from the college's website on August 26, 2026.

9. **Exhibit B** to this declaration is a true and correct copy of the August 2021 SUNY Office of General Counsel Memorandum, entitled "Addressing Discrimination by Campus Organizations," downloaded from SUNY's website on August 26, 2026.

10. **Exhibit C** to this declaration is a true and correct copy of SUNY Broome's Non-Discrimination Policy GA-2001, downloaded from the college's website on August 26, 2026.

11. **Exhibit D** to this declaration is a true and correct copy of SUNY Broome's 2026-27 Registrar's Academic Calendar, downloaded from the college's website on August 26, 2026.

12. **Exhibit E** to this declaration is a true and correct copy of webpages captured from SUNY Broome's websites on August 26 & 28, 2026. SUNY Broome's Athletics webpage can be found here: *SUNY Broome Hornets*, SUNY Broome Community College (August 28, 2026), https://bit.ly/4wZg2MV.

Executed on August 28, 2026

Caleb H. Angell

Caleb H. Angell