UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

INTERVARSITY CHRISTIAN FELLOWSHIP/USA and INTERVARSITY CHRISTIAN FELLOWSHIP OF SUNY BROOME,

Plaintiffs,

v.

SUNY BROOME COMMUNITY COLLEGE; THE BOARD OF TRUSTEES OF SUNY BROOME COMMUNITY COLLEGE; TONY D. HAWKINS, President of SUNY Broome Community College, in his official and personal capacities; CAROLE ROSS-SCOTT, Vice President for Student Development and Chief Diversity Officer, in her official and personal capacities; and NICHOLAS M. KOCIENIEWSKI, Director of Student Activities, in his official and personal capacities,

Defendants.

**ANSWER**

Civil Action No. 3:26-cv-1623 (MAD/MJK)

Defendants SUNY Broome Community College ("SUNY Broome" or "the College"), Tony D. Hawkins, Carol Ross-Scott, and Nicholas M. Kocieniewski, by and through counsel, answer the Complaint as follows.[1]

1. Defendants DENY the allegation that recognition was denied "solely" because InterVarsity asks its leaders to agree with its Christian faith, but ADMIT

[1] The Complaint names as a defendant the Board of Trustees of SUNY Broome Community College. The Board of Trustees is not an entity separate from the SUNY Broome that is capable of being sued.

that InterVarsity Broome was not recognized after submitting a constitution that conditioned officer eligibility on agreement with InterVarsity's statement of faith.

2. Defendants DENY the allegations and legal conclusions in paragraph 2.

3. Paragraph 3 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

4. Paragraph 4 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

5. Paragraph 5 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

6. Defendants deny the allegations in paragraph 6.

7. Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' history, mission, and leadership criteria outside the materials reviewed by SUNY Broome, and therefore DENY the allegations in paragraph 7.

8. Paragraph 8 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

9. Defendants deny the allegations in paragraph 9.

10. Paragraph 10 states legal conclusions regarding jurisdiction to which no response is required, but to the extent a response is deemed required, Defendants ADMIT that the Complaint purports to invoke federal question and supplemental jurisdiction.

11. Paragraph 11 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants ADMIT that the Complaint seeks declaratory and injunctive relief under the cited statutes.

12. Paragraph 12 states legal conclusions regarding venue to which no response is required, but to the extent a response is deemed required, Defendants do not dispute venue in this District.

13. Paragraph 13 states legal conclusions regarding venue to which no response is required, but to the extent a response is deemed required, Defendants do not dispute venue in this District.

14. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations concerning Plaintiff InterVarsity Christian Fellowship/USA's corporate status, headquarters, and nationwide operations, and therefore DENY the allegations in paragraph 14.

15. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations concerning Plaintiff InterVarsity Christian Fellowship of SUNY Broome's legal status and therefore DENY the allegations in paragraph 15.

16. Defendants ADMIT the allegations in paragraph 16.

17. Defendants ADMIT that a Board of Trustees administers SUNY Broome pursuant to the Education Law of the State of New York and associated regulations, the Broome County Charter, the Broome County Administrative Code and the Bylaws of SUNY Broome Board of Trustees but DENY that the Board of Trustees is a legal entity separate from SUNY Broome that is capable of being sued.

18. Defendants ADMIT that Tony D. Hawkins is the President of SUNY Broome but DENY the remaining allegations in paragraph 18.

19. Defendants ADMIT that Carol Ross-Scott is the Vice President for Student Development and Chief Diversity Officer at SUNY Broome but DENY the remaining allegations in paragraph 19.

20. Defendants ADMIT that Nicholas M. Kocieniewski is the Director of Student Activities at SUNY Broome but DENY the remaining allegations in paragraph 20.

21. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 21 concerning Plaintiffs' nationwide operations and therefore DENY them.

22. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore DENY them.

23. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore DENY them.

24. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore DENY them.

25. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore DENY them.

26. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore DENY them.

27. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore DENY them.

28. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore DENY them.

29. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore DENY them.

30. Defendants ADMIT that the proposed InterVarsity Broome constitution required student leaders or officers to agree with InterVarsity's statement of faith but otherwise LACK KNOWLEDGE OR INFORMATION

sufficient to admit Plaintiffs' broader characterizations and therefore DENY the remainder of paragraph 30.

31. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore DENY them.

32. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore DENY them.

33. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore DENY them.

34. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore DENY them.

35. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore DENY them.

36. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore DENY them.

37. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore DENY them.

38. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore DENY them.

39. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore DENY them.

40. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore DENY them.

41. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore DENY them.

42. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations regarding InterVarsity Broome's turnout and recruitment but ADMIT that recognized clubs receive benefits associated with recognized status, including space reservation and participation in student activities fairs.

43. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore DENY them.

44. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegation that Jacob Sonner was selected as InterVarsity Broome's president in December 2025 but ADMIT that Jacob Sonner submitted an application for official recognition on January 11, 2026.

45. Defendants ADMIT that the Office of Student Activities oversees and supports student clubs at SUNY Broome but states that the Student Assembly reviews and approves new club recognition and therefore DENY the allegations in paragraph 45.

46. Defendants ADMIT that recognized clubs receive benefits described in the Club Handbook, refer to the Club Handbook and referenced calendar for their provisions and DENY any allegations in paragraph 46 that are inconsistent with the Club Handbook or the referenced calendar.

47. Defendants refer to the referenced website for its contents and DENY any allegations in paragraph 47 that are inconsistent with the website

48. Defendants refer to the Club Handbook and DENY any allegations in paragraph 48 that are inconsistent with the Club Handbook.

49. Defendants refer to the Club Handbook and DENY any allegations in paragraph 49 that are inconsistent with the Club Handbook.

50. Defendants refer to the Club Handbook and deny any allegations in paragraph 50 that are inconsistent with the Club Handbook.

51. Defendants ADMIT that SUNY Broome maintains a nondiscrimination policy, refers to that policy for its contents and DENY any allegations that are inconsistent with the policy.

52. With respect to paragraph 52, Defendants ADMIT that Jacob Sonner submitted an application for official recognition on January 11, 2026, refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

53. With respect to paragraph 53, Defendants refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

54. With respect to paragraph 54, Defendants ADMIT that on January 27, 2026, Director of Student Affairs Dr. Kocieniewski entered comments through The Swarm, refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

55. With respect to paragraph 55, Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations concerning Mr. Sonner's consultation, ADMIT that on Mr. Sonner emailed Dr. Kocieniewski, refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

56. Defendants DENY the allegation that Dr. Kocieniewski stated the matter could not proceed to any vote for the reason characterized in paragraph 56

but ADMIT that after Mr. Sonner requested consideration of the original constitution, refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

57. With respect to paragraph 57, ADMIT that on Mr. Sonner emailed Dr. Kocieniewski, refer to the referenced exhibit for its contents and DENY KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations pertaining to Ms. Chan's role, and DENY any remaining allegations in said paragraph.

58. With respect to paragraph 58, Defendants ADMIT that Sophia Chan sent an email to Dr. Kocieniewski, refer to the referenced exhibit for its contents, and DENY any remaining allegations in said paragraph.

59. With respect to paragraph 59, Defendants ADMIT that Dr. Kocieniewski sent an email to Mr. Sonner on February 23, 2026, refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

60. With respect to paragraph 60, refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

61. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore DENY them.

62. Defendants DENY the allegations in paragraph 62.

63. With respect to paragraph 63, Defendants ADMIT that President Hawkins received a letter from Mr. Lin, refer to the letter for its contents and DENY any remaining allegations in said paragraph.

64. With respect to paragraph 64, Defendants refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

65. Defendants ADMIT paragraph 65 and state that the referenced letter speaks for itself.

66. With respect to paragraph 66, Defendants refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

67. With respect to paragraph 67, Defendants refer to the referenced exhibit for its contents and DENY any remaining allegations in said paragraph.

68. Defendants DENY the allegations in paragraph 68.

69. Defendants DENY the allegations in paragraph 69.

70. Defendants ADMIT only that recognized student clubs may reserve space and otherwise DENY the allegations in paragraph 70.

71. Defendants ADMIT only that recognized student clubs may recruit, host events, participate in fairs, and use certain campus channels and otherwise DENY the allegations in paragraph 71.

72. Defendants ADMIT only that sponsored recognized clubs may receive funding allocations and that recognized clubs receive certain benefits not associated with unrecognized status and otherwise DENY the allegations in paragraph 72.

73. Defendants DENY the allegations in paragraph 73.

74. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in paragraph 74 and therefore DENY them.

75. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore DENY them.

76. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore DENY them.

77. Defendants ADMIT that InterVarsity Broome has not been recognized as an official student group for the upcoming academic year and DENY the remaining allegations in paragraph 77.

78. Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations concerning current students' desires and alleged harms and therefore DENY such allegations and DENY any remaining allegations in paragraph 78.

79. Defendants ADMIT that InterVarsity Broome has not been recognized as an official student group, LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations concerning students' intentions but DENY the remaining allegations in paragraph 79.

80. Defendants DENY the allegations in paragraph 80.

81. Defendants ADMIT that InterVarsity Broome has not been recognized as an official student group for the upcoming academic year and DENY the remaining allegations in paragraph 81.

82. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of Plaintiffs' alleged future intentions and therefore DENY such allegations and DENY any remaining allegations in paragraph 82.

83. Paragraph 83 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 82.

84. Paragraph 84 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

85. Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of Plaintiffs' characterization of their student leaders' religious role and therefore DENY the allegations in paragraph 85.

86. Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of Plaintiffs' characterization of their student leaders' religious role and therefore DENY the allegations in paragraph 86.

87. Paragraph 87 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

88. Defendants DENY the allegations in paragraph 88.

89. Paragraph 89 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability not expressly admitted.

90. Defendants DENY the allegations in paragraph 90.

91. Defendants DENY the allegations in paragraph 91.

92. Paragraph 92 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 91.

93. Paragraph 93 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations

94. Paragraph 94 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations

95. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of Plaintiffs' self-characterization in paragraph 95 and therefore DENY it.

96. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore DENY them.

97. Defendants DENY the allegations in paragraph 97.

98. Paragraph 98 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability not expressly admitted.

99. Defendants DENY the allegations in paragraph 99.

100. Defendants DENY the allegations in paragraph 100.

101. Paragraph 101 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 100.

102. Paragraph 102 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability not expressly admitted.

103. Paragraph 103 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

104. Paragraph 104 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

105. Defendants ADMIT only that InterVarsity sought recognition for a club whose proposed constitution limited officer eligibility based on agreement with InterVarsity's statement of faith, LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations concerning student leadership requirements and therefore DENY such allegations in paragraph 105.

106. Defendants DENY the allegations in paragraph 106 except admit that recognized status carries benefits as set forth in the Club Handbook.

107. Defendants DENY the allegations in paragraph 107.

108. Defendants DENY the allegations in paragraph 108.

109. Defendants DENY the allegations in paragraph 109.

110. Paragraph 110 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

111. Paragraph 111 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability not expressly admitted.

112. Defendants DENY the allegations in paragraph 112.

113. Defendants DENY the allegations in paragraph 113.

114. Paragraph 114 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 113.

115. Paragraph 115 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

116. Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore DENY them.

117. Defendants DENY the allegations in paragraph 117.

118. Defendants DENY the allegations in paragraph 118.

119. Paragraph 119 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability not expressly admitted.

120. Defendants DENY the allegations in paragraph 120.

121. Defendants DENY the allegations in paragraph 121.

122. Paragraph 122 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 121.

123. Paragraph 123 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

124. Paragraph 124 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

125. Defendants ADMIT that SUNY Broome relied on the Club Handbook and SUNY Broome's nondiscrimination policy in evaluating InterVarsity Broome's proposed constitution, and that it consistently relies on such documents when evaluating the constitutions of student clubs and organizations and DENY any remaining allegations in paragraph 125.

126. Defendants DENIES the allegations in paragraph 126.

127. Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of Plaintiffs' asserted practices beyond the leadership

restriction described in the proposed constitution and therefore DENY paragraph 127.

128. Defendants DENY the allegations in paragraph 128.

129. Defendants DENY the allegations in paragraph 129.

130. Paragraph 130 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability not expressly admitted.

131. Defendants DENY the allegations in paragraph 131.

132. Defendants DENY the allegations in paragraph 132.

133. Paragraph 133 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 132.

134. Paragraph 134 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

135. Defendants DENY the allegations in paragraph 135.

136. Paragraph 136 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

137. Defendants DENY the allegations in paragraph 137.

138. Defendants DENY the allegations in paragraph 138.

139. Paragraph 139 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 138.

140. Paragraph 140 states legal conclusions, to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

141. Paragraph 141 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

142. Paragraph 142 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

143. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of Plaintiffs' self-characterization in paragraph 143 and therefore DENY it.

144. Defendants DENY the allegations in paragraph 144.

145. Defendants DENY the allegations in paragraph 145.

146. Defendants DENY the allegations in paragraph 146.

147. Paragraph 147 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

148. Defendants DENY the allegations in paragraph 148.

149. Defendants DENY the allegations in paragraph 149.

150. Paragraph 150 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 149.

151. Paragraph 151 states legal conclusions, to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

152. Paragraph 152 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

153. Defendants DENY allegations in paragraph 153.

154. Defendants DENY the allegations in paragraph 154.

155. Defendants DENY the allegations in paragraph 155.

156. Defendants DENY the allegations in paragraph 156.

157. Paragraph 157 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

158. Defendants DENY the allegations in paragraph 158.

159. Defendants DENY the allegations in paragraph 159.

160. Paragraph 160 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 159.

161. Paragraph 161 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

162. Paragraph 162 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

163. Defendants DENY the allegations in paragraph 163.

164. Defendants DENY the allegations in paragraph 164.

165. Defendants DENY the allegations in paragraph 165.

166. Paragraph 166 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

167. Defendants DENY the allegations in paragraph 167.

168. Defendants DENY the allegations in paragraph 168.

169. Paragraph 169 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 168.

170. Defendants DENY the allegations in paragraph 170.

171. Defendants DENY the allegations in paragraph 171.

172. Defendants ADMIT only that recognized student groups have access to resources and benefits associated with recognized status and otherwise DENY the allegations in paragraph 172.

173. Paragraph 173 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

174. Defendants DENY the allegations in paragraph 174.

175. Defendants DENY the allegations in paragraph 175.

176. Paragraph 176 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 175.

177. Paragraph 177 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY that Plaintiffs are entitled to relief under the Equal Protection Clause.

178. Defendants DENY the allegations in paragraph 178.

179. Defendants DENY the allegations in paragraph 179.

180. Defendants DENY the allegations in paragraph 180.

181. Defendants DENY the allegations in paragraph 181.

182. Paragraph 182 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

183. Defendants DENY the allegations in paragraph 183.

184. Defendants DENY the allegations in paragraph 184.

185. Paragraph 185 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 184.

186. Paragraph 186 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY that Plaintiffs are entitled to relief under the New York Human Rights Law.

187. Paragraph 187 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

188. Defendants admit that SUNY Broome Community College is a public college, but otherwise state that paragraph 188 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY any allegation of liability.

189. Defendants ADMIT only that InterVarsity Broome was denied recognized status and therefore did not receive the benefits associated with recognized status but otherwise DENY the allegations in paragraph 189.

190. Defendants DENY the allegations in paragraph 190.

191. Defendants DENY the allegations in paragraph 191.

192. Defendants DENY the allegations in paragraph 192.

193. Paragraph 193 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 192.

194. Paragraph 194 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY that Plaintiffs are entitled to relief under the New York Constitution.

195. Paragraph 195 states legal conclusions and argumentative characterizations to which no response is required, but to the extent a response is deemed required, Defendants DENY the allegations.

196. Defendants ADMIT only that InterVarsity Broome was denied recognized student group status and therefore did not obtain the benefits associated with recognized status but otherwise DENY the allegations in paragraph 196.

197. Defendants DENY the allegations in paragraph 197.

198. Defendants DENY the allegations in paragraph 198.

199. Defendants DENY the allegations in paragraph 199.

200. Paragraph 200 incorporates prior allegations, and Defendants repeat and incorporate their responses to paragraphs 1 through 199.

201. Paragraph 201 states legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants DENY that Plaintiffs are entitled to relief under the New York Constitution.

202. Defendants ADMIT only that InterVarsity Broome was denied recognized student group status and therefore did not obtain the benefits associated with recognized status but otherwise DENY the allegations in paragraph 202.

203. Defendants DENY the allegations in paragraph 203.

204. Defendants DENY the allegations in paragraph 204.

205. Defendants DENY the allegations in paragraph 205.

206. Defendants DENY each and every other allegation not admitted or otherwise specifically responded to herein.

## DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

SUNY Broome's decision was based on application of its Open Access and Non-Discrimination policies to the leadership restriction in the submitted constitution, not on hostility to religion or refusal to recognize religious student groups as such.

Any actions taken by Defendants were taken for compelling or legitimate state interests.

### Third Affirmative Defense

SUNY Broome consistently applied its Open Access and Non-Discrimination policies during the relevant period and had no exemption process allowing clubs to restrict membership or leadership based on protected characteristics.

### Fourth Affirmative Defense

Plaintiffs cannot establish selective enforcement or viewpoint discrimination to the extent SUNY Broome recognized other student organizations so long as those organizations did not restrict membership or leadership eligibility based on protected characteristics.

**Fifth Affirmative Defense**

Plaintiffs cannot establish that SUNY Broome prohibited InterVarsity Broome from expressing a religious mission or including its statement of faith in organizational materials,

**Sixth Affirmative Defense**

Some or all claims for damages against the individual defendants are barred, in whole or in part, by qualified immunity because the challenged conduct involved enforcement of facially applicable student-club policies in the course of official duties.

**Seventh Affirmative Defense**

Some or all claims against SUNY Broome, the Board, and the individual defendants in their official capacities may be barred or limited by sovereign immunity, Eleventh Amendment principles, and related doctrines.

**Eighth Affirmative Defense**

Plaintiffs' requests for injunctive and declaratory relief may be barred, limited, or narrowed to the extent Plaintiffs cannot establish standing, irreparable harm, redressability, or a presently justiciable controversy as to each plaintiff and each defendant.

**Ninth Affirmative Defense**

Plaintiffs have failed to mitigate their damages, if any.

**Tenth Affirmative Defense**

Either or both Plaintiffs lack standing to seek the relief requested in Plaintiffs' Complaint.

**Eleventh Affirmative Defense**

Plaintiff InterVarsity Christian Fellowship of Broome County is an unincorporated association without the legal capacity to sue some or all of its claims.

**Twelfth Affirmative Defense**

The named Defendant "Board of Trustees of SUNY Broome Community College" is not a legal entity capable of being sued.

**Thirteenth Affirmative Defense**

Defendants acted within their discretion in matters of academic concern.

Defendants reserve all additional defenses that may become available through further litigation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in Defendants' favor, dismiss the Complaint with prejudice to the extent permitted by law, deny Plaintiffs' requests for declaratory, injunctive, damages, fee,

and other relief, award Defendants such costs and relief as may be proper, and grant such other and further relief as the Court deems just and appropriate.

Dated: September 23, 2026

BOND, SCHOENECK & KING, PLLC

By: Suzanne Messer

Suzanne Messer
Jacqueline Zahn
*Attorneys for Defendants*
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8628
Email: smesser@bsk.com
Email: jzahn@bsk.com