**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTERVARSITY CHRISTIAN FELLOWSHIP/ USA, et al.,<br>*Plaintiffs*,<br>v.<br>SUNY BROOME COMMUNITY COLLEGE, et al.,<br>*Defendants*. | Case No. 3:26-cv-01623-MAD-MJK<br><br>**CIVIL CASE MANAGEMENT PLAN** |

1. **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made 30 days after all responses to written discovery are served.

2. **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made 30 days after all responses to written discovery are served.

3. **DISCOVERY:** All discovery in this action shall be completed 180 days after the mandate is issued in the pending appeal in this case.

4. **NON-DISPOSITIVE MOTIONS:** All non-dispositive motions, including discovery motions, may only be brought after the parties have complied with Section VIII of General Order #25. All non-dispositive motions shall be filed no later than 14 days after the discovery deadline expires pursuant to Local Rules 16.2 and 37.1(h).

5. **DISPOSITIVE MOTIONS:** All dispositive motions shall be made no later than 60 days after the close of discovery.

6. **EXPERT WITNESS DISCLOSURE:** The Parties' Expert Witness disclosures shall be exchanged 90 days after the mandate is issued in the pending appeal in this case. Rebuttal Expert Witness disclosures shall be exchanged within 30 days after the other party's expert disclosure.

7. **MANDATORY MEDIATION:** The Parties have conferred and agree that this case is not suitable to mediation at this time. Accordingly, they plan to move to opt out of the Mandatory Mediation Program. In the event the Court denies that motion, pursuant to General Order #47, paragraph 3.2(C)(1), the parties shall electronically file a stipulation selecting a mediator no later than 28 days from the date of the Order referring case to the Mandatory Mediation Program. Mediation must be completed on or before February 12, 2027.

8. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial 90 days after resolution of post-discovery dispositive motions. It is

anticipated that the trial will take approximately 4-5 days to complete. The parties request that the trial be held in Binghamton, New York.

9. **Have the parties filed a Jury Demand?**

Yes.

10. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 28 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**

The basis of the Court's subject matter jurisdiction over Plaintiffs' federal civil-rights claims is federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367.

11. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

Yes, the parties are subject to the Court's jurisdiction. The Defendants have all been served. *See* Dkts. 16-23.

12. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

<u>Plaintiffs' statement regarding Plaintiffs' claims</u>. Plaintiffs have set out their understanding of the background to this case in their briefing on Plaintiffs' motion for a preliminary injunction. *See* Dkts. 24-1, 33. In short, this case is about a Christian student group that has been denied official recognition by SUNY Broome Community College solely because the group asks its leaders to sincerely agree with its Christian faith. InterVarsity Christian Fellowship is a campus ministry that has served on SUNY campuses for over 50 years, and it has welcomed all students to participate in its activities and receive the community services it offers. To advance its religious mission and protect its religious identity, InterVarsity requires that its student leaders—who lead members in prayer, worship, and religious teachings—sincerely agree with InterVarsity's core religious beliefs. But because InterVarsity asks its leaders to believe what it believes, SUNY Broome Community College refuses to grant InterVarsity official recognition as a student group, claiming that its religious leadership requirement violates the college's non-discrimination policy. Plaintiffs allege that Defendants' exclusion of InterVarsity violates the United States and New York Constitutions and New York state law.

<u>Defendants' statement regarding Defendants' defenses</u>. Defendants deny that Plaintiffs' constitutional or statutory rights have been violated and contend that all claims are foreclosed by controlling law. SUNY Broome's student organization recognition program is a limited public forum subject to viewpoint-neutral and reasonable conditions, including the College's Open Access and Nondiscrimination Policies. Those policies require that any student who

pays the Student Activity Fee and satisfies applicable GPA requirements be eligible for membership and leadership positions in recognized organizations, regardless of religion or other protected characteristics.

Plaintiffs were denied recognition because their proposed constitution limits leadership positions to students who affirm InterVarsity's Statement of Faith, in violation of these generally applicable policies, which apply equally to religious and secular organizations. Plaintiffs' Free Speech and expressive association claims are controlled by *Christian Legal Society v. Martinez*, 561 U.S. 661 (2010), which upheld a materially similar all-comers policy and rejected nearly identical constitutional challenges by a religious student organization.

Plaintiffs' Free Exercise claim fails because the Open Access and Nondiscrimination Policies are neutral and generally applicable, do not single out religious conduct, provide no mechanism for individualized exemptions, and easily satisfy rational basis review. Finally, Plaintiff's ministerial exception and church autonomy claims fail because neither doctrine creates a freestanding cause of action that may be invoked to invalidate neutral and generally applicable policies.

13. **What factual and legal issues are genuinely in dispute?**

The parties are exploring the matter at present. The parties have broad agreement regarding the general factual circumstances surrounding the denial of Plaintiffs' official recognized status, but disagree on the legal issues raised by Plaintiffs' complaint.

14. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

The Parties believe that it is unclear at this stage whether any issues could be narrowed by agreement or motion.

15. **What specific relief do the parties seek? What are the damages sought?**

Plaintiffs seek the following relief: (1) a declaration that the First and Fourteenth Amendments to the United States Constitution, the New York Constitution, and the New York State Human Rights Law require Defendants to stop barring Plaintiffs from freely selecting leaders who sincerely agree with Plaintiffs' faith as a condition of obtaining officially recognized status; (2) a declaration that the First Amendment to the United States Constitution and New York law protect Plaintiffs' right to select religious leaders who share its faith, without government interference; (3) a declaration that SUNY Broome's policies and New York state law may not be applied to Plaintiffs in a manner that violates their rights under the United States Constitution; (4) a preliminary and permanent injunction prohibiting SUNY Broome from barring Plaintiffs' religious practice of selecting religious leaders who share their faith; (6) nominal damages for the loss of their rights as protected by the constitutions of the United States and New York; (7) actual damages for the costs they have incurred as a result of Defendants' unlawful actions; (8) the costs of this action and

reasonable attorney fees; and (9) any such other and further relief as the Court deems equitable and just.

16. **DISCOVERY PLAN**

A. **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

The Parties agree to exchange mandatory disclosures by November 16, 2026.

B. **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects: (1) Defendants' decision to deny Plaintiffs official recognized status; (2) Defendants' treatment of other student groups and programs; and (3) Defendants' enactment, interpretation, and enforcement of applicable non-discrimination policies.

C. **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

The parties do not currently anticipate a need to phase discovery into stages or otherwise depart from the ordinary sequence and timing of discovery.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties contemplate serving interrogatories and requests for production of documents on the areas described above and reserve the right to serve any other and further discovery demands as permitted by the Rules. The parties do not currently anticipate a need to exceed 25 interrogatories each. In addition to the limits on discovery provided for under the Federal or Local Civil Rules, the parties propose that written discovery be limited to 25 requests for production, 25 requests for admission, and 25 interrogatories per side.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties propose that depositions be limited to 6 per side. The Parties agree that the Parties will provide 30 days' notice of any Rule 30(b)(6) deposition to allow time for the Parties to reach agreement about the scope of the deposition and for the responding party to identify and prepare appropriate deponent(s). Additional discovery is necessary to determine whether any non-party fact depositions are required. Depositions will likely take place virtually or at a mutually agreeable location in the Northern District of New York.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The parties do not know yet whether they will retain experts. The parties agree to complete expert discovery, if any, pursuant to the schedule provided above. The parties otherwise do not currently anticipate a need to vary from standard procedures.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties have agreed that electronically stored information and non-electronically stored information shall be produced in PDF format with bates numbers identifying each individual document.

H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties do not currently anticipate a need to request a protective order from the court pursuant to Rule 26(c). The parties agree to redact student personal identifying information.

I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention

The parties do not currently anticipate any discovery-related issues that may require court intervention.

17. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

The parties do not know at this stage whether it would be possible to reduce the length. The parties agree to explore whether this is possible at an appropriate time later in the case.

18. **Are there any related cases pending before the Judges of this Court?**

Yes. The Court has marked *Campus Bible Fellowship at SUNY Broome Community College v. SUNY Broome Community College*, No. 3:26-cv-1678 (N.D.N.Y.), as a related case.

19. **In Class Actions, when and how will the class be certified?**

Not applicable. This is not a class-action lawsuit.

20. **What are the prospects for settlement? Please check below the prospect for settlement:**

1 ____ 2 __**X**__ 3____ 4____ 5 ____ 6 ____ 7 ____ 8 ____ 9 ____ 10 ____ (Very unlikely → → → → → → Likely)

A. Settlement cannot be evaluated prior to resolution of appeals related to Plaintiffs' emergency motion for a preliminary injunction. The parties' prior discussions regarding a potential settlement in September 2026 were unfruitful.

B. How can settlement efforts be assisted? Settlement efforts cannot be assisted at this time.

21. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

A. Reviewed General Order #47 **Yes.**

B. Reviewed the List of Court Approved Mediators available on the NDNY website? **Yes.**

C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program? **Yes.**

D. Discussed the time frame needed to complete Mandatory Mediation? **Yes.**

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on November 2, 2026, and was attended by:

Daniel Blomberg, Colten Stanberry, Richard Osborne, and Caleb Angell for Plaintiffs.

Jacqueline Zahn and Barbara Lee for Defendants.

Respectfully submitted this 16th day of November, 2026.

/s/ Jacqueline E. Zahn
Suzanne M. Messer
Jacqueline E. Zahn
Bond, Schoeneck, & King, PLLC
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8628
smesser@bsk.com
jzahn@bsk.com

*Attorneys for Defendants*

/s/ Colten L. Stanberry
Mark L. Rienzi
Daniel H. Blomberg*
Colten L. Stanberry*
Richard C. Osborne*
Caleb H. Angell
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave, N.W.
Suite 400
Washington, DC 20006
(202) 955-0095
cstanberry@becketfund.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*