UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

INTERVARSITY CHRISTIAN FELLOWSHIP/USA, ET AL.,

Plaintiff,

v.

SUNY BROOME COMMUNITY COLLEGE; THE BOARD OF TRUSTEES OF SUNY BROOME COMMUNITY COLLEGE; TONY D. HAWKINS, President of SUNY Broome Community College, in his official and personal capacities; CAROL ROSS-SCOTT, Vice President for Student Development and Chief Diversity Officer, in her official and personal capacities; and NICHOLAS M. KOCIENIEWSKI, Director of Student Activities, in his official and personal capacities,

Defendants.

Civil Action No. 3:26-cv-01623-MAD-MJK

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR AN INJUCTION PENDING APPEAL**

BOND, SCHOENECK & KING, PLLC
Suzanne M. Messer
Jacqueline E. Zahn
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8628
*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .......... 1
ARGUMENT .......... 1
POINT I .......... 1
PLAINTIFFS HAVE NOT DEMONSTRATED A LIKILIHOOD OF SUCCESS ON THE MERITS .......... 1
POINT II .......... 2
PLAINTIFFS HAVE NOT DEMONSTRATED IRREPRABLE HARM OR THAT THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR AN INJUNCTION .......... 2
CONCLUSION .......... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agudath Isr. of Am. v. Cuomo*,
980 F.3d 222 (2020)....................1

*CF v. Monroe-Woodbury Cent. Sch. Dist.*,
No. 12-CV-2200, 2012 U.S. Dist. LEXIS 60341 (S.D.N.Y. Apr. 30, 2012) ....................2

*Kalshiex LLC v. Cafferelli*,
2026 U.S. Dist. LEXIS 184265 (D. Conn. Aug. 15, 2026) ....................1

## PRELIMINARY STATEMENT

Defendants SUNY Broome Community College ("SUNY Broome"), Tony D. Hawkins, Carol Ross-Scott, and Nicholas M. Kocieniewski (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to the emergency motion of Plaintiffs InterVarsity Christian Fellowship/USA and InterVarsity Christian Fellowship of SUNY Broome (collectively, "InterVarsity" or "Plaintiffs") for an injunction pending appeal.

## ARGUMENT

"An injunction is 'an extraordinary remedy never awarded as of right.'" *Agudath Isr. of Am. v. Cuomo*, 980 F.3d 222, 226 (2020) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008)). To obtain an injunction from a district court, movants bear the burden of showing that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* Where, as here, a litigant seeks an injunction pending appeal, a heightened "strong showing" of success on the merits is required. *Kalshiex LLC v. Cafferelli*, 2026 U.S. Dist. LEXIS 184265, *3 (D. Conn. Aug. 15, 2026) (citing *Agudath Israel of Am.*, 980 F.3d at 226).

## POINT I

### PLAINTIFFS HAVE NOT DEMONSTRATED A LIKILIHOOD OF SUCCESS ON THE MERITS

On November 9, 2026, this Court issued a Decision and Order denying Plaintiffs' motion for a preliminary injunction, concluding that Plaintiffs failed to demonstrate a likelihood of success on the merits of any of their claims. *See* ECF No. 35. In support of their present motion for an injunction pending appeal, Plaintiffs do not engage with the Court's analysis or identify any error warranting a different result. Instead, they incorporate by

reference the same unpersuasive arguments advanced in support of their preliminary injunction motion that were already expressly rejected by this Court. *See* ECF No. 38-1. Accordingly, for the reasons set forth in the Court's well-reasoned Decision and Order, as well as those articulated in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, (ECF. No. 32), Plaintiffs have failed to establish *any* likelihood of success on the merits, let alone a "strong showing" of success on the merits.

## POINT II

## PLAINTIFFS HAVE NOT DEMONSTRATED IRREPRABLE HARM OR THAT THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR AN INJUNCTION

As established above, Plaintiffs have failed to demonstrate any likelihood of success on the merits of their claims. Accordingly, the Court need not reach the remaining factors. Even if it did, however, those factors likewise weigh decisively against relief.

Plaintiffs contend they are entitled to an injunction pending appeal "[i]n light of the asserted ongoing irreparable harm to Plaintiffs' First Amendment rights, including the inability to participate in the upcoming spring student activities fair as a recognized club[.]" ECF No. 38-1, p. 2. That argument is belied by Plaintiffs' own delay in seeking judicial intervention. As set forth in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, SUNY Broome formally denied InterVarsity's application for recognition on February 24, 2026, and reaffirmed that decision on May 7, 2026. ECF No. 32, p. 10. Plaintiffs did not commence this action until August 21, 2026. *Id*. Such a prolonged delay is difficult to reconcile with Plaintiffs' claim that immediate judicial intervention is now necessary to prevent irreparable harm. *See KF ex rel. CF v. Monroe-Woodbury Cent. Sch. Dist.*, No. 12-CV-2200, 2012 U.S. Dist. LEXIS 60341, at *15-16, 2012 WL 1521060, at *5 (S.D.N.Y. Apr. 30, 2012) (finding no irreparable

harm where plaintiffs waited nearly six months to seek preliminary injunctive relief). Under these circumstances, Plaintiffs cannot establish that imminent irreparable harm will result absent an injunction pending appeal.

Finally, for the same reasons set forth in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, the balance of equities and the public interest weigh against granting the extraordinary injunctive relief Plaintiffs seek. ECF No. 32, pp. 24-25. As this Court already recognized in denying Plaintiffs' preliminary injunction motion, SUNY Broome's Open Access and Nondiscrimination Policies further its legitimate institutional interest in "having a commitment to equitable access, equal opportunity, and inclusion," and are enforced in a neutral and generally applicable manner. *See* ECF No. 35, p. 30. Accordingly, the balance of equities and the public interest strongly favor denying Plaintiffs' motion for an injunction pending appeal.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs have failed to meet their burden of establishing entitlement to the extraordinary remedy of an injunction pending appeal, and the motion should be denied in its entirety.

Dated: November 18, 2026

BOND, SCHOENECK & KING, PLLC

By: *<u>/s/Suzanne M. Messer</u>*

Suzanne M. Messer, Esq.
Jacqueline E. Zahn, Esq.
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8628
Email: smesser@bsk.com
Email: jzahn@bsk.com
*Attorneys for Defendants*