# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**John M. Domurad**
**Clerk of Court**

**Maurice L. Christopher**
**Chief Deputy**

**Lori M. Welch**
**Chief Deputy**

**Federal Building and Courthouse**
**P.O. Box 7367**
**Syracuse, New York 13261-7367**
**(315) 234-8500**

## SUPPLEMENTAL ELECTRONIC NOTICE OF CIVIL INTERLOCUTORY APPEAL & CLERK'S CERTIFICATION

Dear Clerk of the Court,

Please take notice that on November 9, 2026 the court received a notice of interlocutory appeal. This notice serves to inform you of the pending interlocutory appeal and provides you with the information needed to process the interlocutory appeal.

**Please be advised of the following docket entry:**

**11/24/2026 [43] TEXT ORDER denying 38 Emergency Motion for Preliminary Injunction pending Appeal Plaintiffs have moved for an injunction pending their appeal of the Court's denial of their motion for a preliminary injunction. Defendants have opposed the request. The motion is DENIED. Federal Rule of Civil Procedure 62(d), [w]hile an appeal is pending from... [a] final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction during the pendency of the appeal. Fed. R. Civ. P. 62(d); see also Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for... an order suspending, modifying, restoring, or granting an injunction while an appeal is pending"). The factors the Court must consider are the same as those considered when first deciding whether to grant a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm to the movant absent an injunction; (3) possibility of substantial harm to other interested parties caused by an injunction; and, (4) the public interest. See IMS Health Inc. v. Sorrell, 631 F. Supp. 2d 429, 431 (D. Vt. 2009). "Granting injunctive relief is an extraordinary remedy." Id. (citing Silverstein v. Penguin Putnam, Inc., 368 F.3d 77, 84 (2d Cir. 2004)). "'When a district court has denied a motion for a preliminary injunction..., it is highly unlikely that it will then grant that same injunction pending appeal of the denial.'" Cnty. of Rockland v. Metro. Transportation Auth., No. 24-CV-2285 (CS), 2025 WL 100901, *2 (S.D.N.Y. Jan. 14, 2025) (quoting Frey v. Nigrelli, No. 21-CV-5334, 2023 WL 2929389, *3 (S.D.N.Y. Apr. 13, 2023)). "As to the possibility of success on appeal, '[t]he Court of Appeals reviews a district court's decision to deny a preliminary injunction for abuse of discretion.'" Id. (quoting Columbus Ale House, Inc. v. Cuomo, No. 20-CV-4291, 2020 WL 6507326, *2 (E.D.N.Y. Nov. 5, 2020)). "'A district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or makes an error of law.'" Id. (citation omitted). Here, for the same reasons articulated in the Court's November 9, 2026, Memorandum-Decision and Order, the Court finds that Plaintiffs have not demonstrated a likelihood of success on appeal. Also, as explained, because the Court does not find a substantial likelihood of success on the merits of Plaintiffs' claims, they have not demonstrated irreparable harm based on a First Amendment violation. Nor does the Court find that the alleged injuries such as hosting a table at a student fair, renting rooms on campus, or formally participating in specific campus events as a group constitute irreparable harms. For these same reasons, the Court finds that the balance of the parties' interests weighs in favor of denial. IT IS SO ORDERED. Signed by U.S. District Judge Mae A. D'Agostino on 11/24/2026.**

I, John M. Domurad, Clerk, U.S. District Court for the Northern District of New York, DO, HEREBY CERTIFY that the foregoing docket entries, with the exception of the documents listed below, are maintained electronically on the court's CM/ECF system and constitute the Record on Appeal in the below listed action.

The following documents are not available electronically. Please notify the Syracuse Clerk's Office if you need any of the following documents:

Docket No.(s): [6], [7], [8], and [32]

IN TESTIMONY WHERE OF, I have hereunto set my hand and caused the Seal of said Court to be hereto affixed at the City of Syracuse, New York, November 24, 2026.

Clerk of Court

By: Olivia Amoia, Deputy Clerk

# Case Information

Case Name: InterVarsity Christian Fellowship/USA et al v. SUNY Broome Community College et al
Case No.: 3:26-cv-1623 (MAD/MJK)
Docket No. Appealed: [36] Notice of Interlocutory Appeal
Document Appealed: [35] Memorandum-Decision and Order

Fee Status:
__X__ Paid
_____ Due
_____ Waived (IFP/CJA)
_____ IFP revoked
_____ Application Attached
_____ IFP pending before USDJ

Counsel:
__X__ Retained
_____ Pro Se

Time Status:
__X__ Timely
_____ Untimely

Certificate of Appealability:
_____ Granted
_____ Denied
__X__ N/A

**$605 Appeal fee received on 11/9/2026. Receipt no. ANYNDC-7846968**